**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**C.G.,\* Defendant-Appellant.**

**No. 83–7576.**

United States Court of Appeals,
Eleventh Circuit.

July 19, 1984.

---

\* The record in this case has been sealed by court order pursuant to the provisions of 18 U.S.C. § 5038, so we use only the initials of the juvenile involved.

J. Mark White, Birmingham, Ala., for defendant-appellant.

Frank Donaldson, U.S. Atty., Dayle E. Powell, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge:

This appeal presents three issues of first impression in this circuit, affecting the administration of the Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. §§ 5031–5042. We must decide: (1) whether a district court's order denying a juvenile defendant's motion to strike certification and granting the government's motion to transfer is appealable prior to trial; (2) the standard of review for certifications under section 5032; and (3) the extent to which findings of fact must be made in connection with a transfer under section 5032. For the following reasons, we affirm the order of the district court in this case insofar as it denies appellant's motion to strike certification, and we vacate the order insofar as it grants the government's motion to transfer, and remand for further findings.

## I. STATUTORY FRAMEWORK

We begin by briefly outlining the pertinent provisions of section 5032. There are two steps in the procedure for determining whether a juvenile will be prosecuted as an adult in federal court. First, in order to proceed against the juvenile in federal court, the Attorney General, or his delegate under 28 C.F.R. § 0.57, must certify to the district court

> that the juvenile court or other appropriate court of a State (1) does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, or (2) does not have available programs and services adequate for the needs of juveniles.

18 U.S.C.A. § 5032 (Supp.1984).

Second, in order for the juvenile to be prosecuted as an adult, (1) the juvenile must be "alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony punishable by a maximum penalty of ten years imprisonment or more, life imprisonment, or death," *id.*, (2) the Attorney General, or his delegate, must file a motion to transfer; and (3) the district court must find that "such transfer would be in the interest of justice," *id.*, after conducting a hearing and making findings of fact relating to

> the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to those efforts; the availability of programs designed to treat the juvenile's behavioral problems.

*Id.*

## II. FACTS AND PROCEEDINGS BELOW

Prior to the incidents giving rise to the current prosecution, appellant had had a

turbulent adolescence in Alabama: he had been adjudged delinquent for a number of minor offenses and had been forced to withdraw permanently from school. During the summer of 1982, at the age of seventeen, appellant allegedly participated in a prostitution ring operating between Birmingham and Las Vegas. Specifically, he allegedly recruited, transported and received money from minor and adult females engaged in prostitution. In August 1982, he was arrested by Nevada authorities, but was released when his parents sent him a bus ticket home. In October 1982, appellant was arrested by a Birmingham police officer whom he allegedly had tried to recruit for prostitution. The charges against him in state court were ultimately dismissed.

On June 14, 1983, the government filed an eight-count information charging appellant with conspiracy, racketeering and Mann Act violations under 18 U.S.C. §§ 371, 1952(a)(3), 2421 and 2423. The government also filed a motion to transfer, signed by an Assistant U.S. Attorney, with respect to the two counts under section 2423 alleging transportation of minor females for prostitution. A superseding motion to transfer, signed by the U.S. Attorney, was filed on August 16. On August 29, appellant filed a motion to dismiss the motion to transfer and a motion to strike the certification. A certification, signed by the U.S. Attorney, was filed on September 7. After a hearing in chambers, the district court, in an order dated September 28, 1983, ruled in favor of the government on all three motions.

Appellant filed a notice of appeal, and the government moved that the appeal be dismissed on the ground that the district court's order was not a final judgment appealable under 28 U.S.C. § 1291. On December 1, 1983, a panel of this court ordered that the motion be carried with the case.

## III.  APPEALABILITY

■ The government contends that this court lacks jurisdiction under 28 U.S.C. § 1291 inasmuch as the order appealed from does not constitute a final decision of the district court. Even if the order were not a final decision, however, dismissal of the appeal would be inappropriate, for the order falls squarely within the collateral order exception articulated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Court explained:

> To come within the "small class" of decisions excepted from the final-judgment rule by *Cohen,* the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

*Id.* at 468, 98 S.Ct. at 2458 (footnote omitted); *see also In Re: General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106 (7th Cir.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). In this case, there is no real dispute with regard to the first two requirements. The matter appealed from—*i.e.,* whether appellant is to be tried as an adult in federal court—has been finally determined by the district court, and neither affects nor is affected by the merits.

Citing *United States v. Cuomo,* 525 F.2d 1285 (5th Cir.1976), in which the court reviewed certain certification issues after conviction, the government essentially argues that because the order in question is appealable after trial, it fails to satisfy the third requirement of the exception. We disagree. First, *Cuomo* dealt only with issues such as the propriety of the Attorney General's delegation of authority to certify, not with issues relating to transfer for prosecution as an adult. More important, the question is not whether a given order is appealable after trial, but whether it is *effectively* reviewable. As one court has put it, "The third requirement of the collateral order doctrine is that the rights asserted would be lost, probably irreparably, if review were delayed until the conclusion of proceedings in the district court."

*General Motors,* 594 F.2d at 1119. With the prosecution of a juvenile as an adult, several of the benefits and safeguards afforded by the statute—*e.g.,* sealing of records and limitation of inquiries into records, protection from fingerprinting and photographing, and withholding of name and picture from news media, *see* 18 U.S.C. § 5038—will be irretrievably lost unless the juvenile is permitted to appeal the district court's order before conviction. In this sense, the order approving certification and transfer in the present case is not effectively reviewable at a later stage. Accordingly, we conclude that the order is a collateral one, excepted from the rule of finality, and that we have jurisdiction of this appeal.

We reach the same conclusion under the slightly different formulation of the collateral order doctrine employed by the former Fifth Circuit. In *Matter of Covington Grain Co.,* 638 F.2d 1357 (5th Cir. Unit B 1981), the predecessor of this court stated:

> In order to be reviewable under the collateral order doctrine, an order must 1) be independent and easily separable from the substance of the other claims in the action; 2) present a need to secure prompt review in order to protect important interests of any party; 3) be examined in the light of practical, rather than narrowly technical, considerations.

*Id.* at 1360; *see also In re Grand Jury Proceedings,* 636 F.2d 81, 83–84 (5th Cir. Unit B 1981); *Bennett v. Behring Corp.,* 629 F.2d 393, 394–95 (5th Cir.1980); *accord In re Regency Woods Apartments, Ltd.,* 686 F.2d 899, 902 (11th Cir.1982). As demonstrated above, the first two requirements are plainly satisfied. The third entails "a balance between 'the inconvenience and cost of piecemeal review on one hand and the danger of denying justice by delay on the other.'" *In re Grand Jury Proceedings,* 636 F.2d at 84. Given the injustice that would result if appellant were erroneously tried as an adult and forever denied the protections of section 5038, we conclude

that the balance in the instant case militates in favor of review at this time. Thus under the former Fifth Circuit's analysis, we have jurisdiction.[1]

## IV.  CERTIFICATION

On September 7, 1983, the U.S. Attorney filed a certification, stating:

> As United States Attorney for the Northern District of Alabama, and pursuant to the authority delegated to me by 18 USC 5032 and 28 CFR § 057, I hereby certify after investigation, as evidenced by the affidavit of Assistant United States Attorney, Dayle E. Powell, dated June 14, 1982 and incorporated herein by reference, that the courts of the State of Alabama do not have jurisdiction over [C.G.] with respect to the alleged violations of criminal law which are the subject of the Motion of [sic] Transfer filed August 16, 1983 in this matter.

Asserting that, actually, the state courts do have jurisdiction with respect to the alleged acts of juvenile delinquency, appellant contends that the district court erred in denying his motion to strike certification. Appellant assumes that a certification is reviewable for the truth of the matter or matters certified, *i.e.,* that the district court, or the court of appeals, may reject a certification found to lack a sufficient basis in fact. Having examined the statute and the precedents in other circuits, we conclude that the scope of review for certifications is far more narrow.

▮▮▮ To be sure, a certification is reviewable for compliance with section 5032. Thus the court may reject a certification where the certifying party is not a proper delegate of the Attorney General, *see Cuomo,* 525 F.2d at 1287, where the certification is not filed in a timely fashion, *see id.* at 1289, or where the certification fails to state that the state courts lack or decline jurisdiction or lack appropriate juvenile services. Normally, however, the court may

---

1. We note, finally, that our holding is consistent with the recommendation of the IJA–ABA Juvenile Justice Standards Project and with the practice in a host of jurisdictions. See *Guam v.*

*Kingsbury,* 649 F.2d 740 (9th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 210 (1981); *In Re: Doe,* 86 N.M. 37, 519 P.2d 133 (Ct.App.1974); and the cases cited in both.

not inquire into the correctness of the statements made in the certification. Indeed, such an inquiry is appropriate only when the juvenile has established bad faith on the part of the government.

In adopting this approach, we are persuaded by the analysis in *United States v. Vancier*, 515 F.2d 1378 (2nd Cir.), *cert. denied*, 423 U.S. 857, 96 S.Ct. 107, 46 L.Ed.2d 82 (1975). There the Second Circuit held that certifications made in accordance with section 5032 generally must be accepted by the courts as final. The court reasoned:

> Section 502, [18 U.S.C. § 5032,] which has been in effect only since September 7, 1974, does not provide for judicial review of the Attorney General's certification. Nor does the statute set out standards by which the court could determine the correctness of a certification either on the issue of whether an appropriate court has jurisdiction or on the issue of adequate programs and services. The certification requirement imposed by Congress qualifies the Government's prosecutorial discretion to bring juvenile delinquency cases in the district courts, but it does not grant the power to the courts to make the final decision.

*Id.* at 1380–81.

The court added:

> In *United States v. Carter*, 493 F.2d 704, 707–08 & n. 3 (2d Cir.1974), this court recently noted several instances in which it has been held that members of the executive branch are authorized to make certain unreviewable determinations in connection with law enforcement matters. See, e.g., *Ullmann v. United States*, 350 U.S. 422, 431–34, 76 S.Ct. 497, 503, 100 L.Ed. 511 (1956) (determination by United States Attorney that the public interest requires that a witness be compelled to testify under a grant of immunity); *United States v. Singleton*, 460 F.2d 1148, 1153–55 (2d Cir.1972), cert. denied, 410 U.S. 984, 93 S.Ct. 1506,

36 L.Ed.2d 180 (1973) (certification of Attorney General that proceeding is against a person believed to have participated in organized crime); *United States v. Comiskey*, 460 F.2d 1293, 1297–98 (7th Cir.1972) (certification of United States Attorney that interlocutory appeal is not being taken for purposes of delay). We conclude that the certification called for by § 502, 18 U.S.C.A. § 5032 (Supp.1975), also falls into the category of unreviewable determinations to be made, in this instance, by the Attorney General.

*Id.* at 1381.[2]

While adopting a general rule insulating certifications from review, we recognize an exception for certifications made in bad faith. This qualification is not only urged by the government, but also suggested by the cases dealing with analogous executive determinations, *see, e.g., United States v. Carter*, 493 F.2d 704, 707 (2nd Cir.1974); *United States v. Singleton*, 460 F.2d 1148, 1154 (2nd Cir.1972), *cert. denied*, 410 U.S. 984, 93 S.Ct. 1506, 36 L.Ed.2d 180 (1973). Appellant has not alleged that the government acted in bad faith in making the certification at issue. We therefore decline to question its accuracy. Since the certification otherwise satisfies the requirements of the statute, we hold that the district court properly denied appellant's motion to strike certification.

## V. TRANSFER

In reviewing the district court's order granting the government's motion to transfer, we must assess the adequacy of the court's findings of fact before addressing the court's ultimate determination that the transfer would be in the interest of justice. In order to transfer for prosecution as an adult, the district court must make findings which are sufficient to satisfy the requirements of section 5032 and to enable the court of appeals to review the interest-of-justice determination. The statutory requirements are clear and unequivocal: preceding a list of factors relating to

---

**2.** This approach is also consistent with *United States v. Hill*, 538 F.2d 1072 (4th Cir.1976), in which the Fourth Circuit, finding that there was a sufficient basis for the certification, explicitly declined to decide whether certifications are reviewable in this respect.

the character of the juvenile, the circumstances of the alleged offense and the availability of treatment programs, section 5032 provides, "Evidence of the following factors shall be considered, *and findings with regard to each factor shall be made in the record,* in assessing whether a transfer would be in the interest of justice." 18 U.S.C.A. § 5032 (Supp.1984) (emphasis added). With regard to the sufficiency of the findings for purposes of appellate review, the observations of the Supreme Court in an analogous case are instructive. In *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the Court commented on the necessity for specific findings in reviewing the D.C. juvenile court's waiver of jurisdiction:

> Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not "assume" that there are adequate reasons, nor may it merely assume that "full investigation" has been made.... [T]he statement should be sufficient to demonstrate that the statutory requirement of "full investigation" has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review.

*Id.* at 561, 86 S.Ct. at 1057.

After examining the district court's order of September 28, 1983, and the transcript of the hearing on the same day, we conclude that the court failed to make adequate findings of fact. Regarding two of the statutory factors—the extent and nature of the juvenile's past delinquency record, and the nature of past treatment efforts and the juvenile's response to such efforts—the court made no findings whatsoever. Regarding the other factors, the court's findings are extremely brief and general. Re the juvenile's social background, the court states only that appellant "has for many years associated with people inclined to break the law." Re the nature of the alleged offense, the order merely notes that "The present alleged offense is a serious one." Re the juvenile's present intellectual development, the order states only that appellant is "very knowledgeable," and re his psychological maturity, the order merely notes that appellant "has shown by his activities in school that he is inclined to be disorderly and not a good student." Finally, re the availability of programs designed to treat the juvenile's behavioral problems, the order states, "the program for a juvenile is not at all promising. In fact, I am convinced that we have no Federal program for juveniles that is worthwhile."

Findings with respect to social background and past treatment are mandatory under the statute; their absence alone justifies a remand for further findings. Even if these findings were not absolutely required, the remaining findings would scarcely permit meaningful review; again, a remand would be in order. Having concluded that there are insufficient findings in this case, we need not pass on the district court's interest-of-justice determination. Indeed, further inquiry would be inappropriate, for to make the necessary findings on the basis of the record would invade the province of the district court under the statute.

For these reasons, the order of the district court, dated September 28, 1983, is AFFIRMED IN PART, VACATED IN PART and REMANDED.