United States Court of Appeals,

Eleventh Circuit.

No. 95-4525.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rudolph WELLINGTON, Defendant-Appellant.

Dec. 31, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-6228-CR-DTKH), Daniel T.K. Hurley, Judge.

Before TJOFLAT and COX, Circuit Judges, and HANCOCK[*], Senior District Judge.

HANCOCK, Senior District Judge:

Rudolph Wellington appeals the district court's order transferring him for prosecution as an adult, pursuant to 18 U.S.C. § 5032. On appeal, Wellington asserts that the district court lacked jurisdiction to consider the motion to transfer, due to the government's failure to file a proper certification, as required by § 5032. Additionally, Wellington argues that the Magistrate Judge's findings, adopted by the district court, are legally inadequate and clearly erroneous. We conclude that the district court had jurisdiction to consider the § 5032 motion and that by adopting the magistrate judge's report, the district court properly applied the necessary legal factors resulting in factual findings which are not clearly erroneous, and accordingly we affirm.

I.

On October 19, 1994 Donnell Cunningham was returning from

[*]Honorable James H. Hancock, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

doing his laundry in his apartment complex close to 2:00 a.m. Cunningham walked past two men with nothing being said. After passing the men, Cunningham was shot in the back. Then one of the men, who Cunningham identified as Wellington, moved in front of him and shot him in the chest and in the stomach area. Once Cunningham fell to the ground, the men rifled through his pockets, asked him for his car keys, and left in Cunningham's vehicle. Four days later Wellington was found driving Cunningham's car and was arrested.

On December 13, 1994, Wellington was charged by information with carjacking, in violation of 18 U.S.C. § 2119 and 2 (Count One), and with use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two).[1] Wellington qualifies as a juvenile according to 18 U.S.C. § 5031.[2] On December 15, 1994, Wellington was arrested. At the initial appearance Magistrate Judge Seltzer appointed an attorney from the Public Defender's Office and scheduled an arraignment and a detention hearing. Both Wellington's counsel and the government submitted a memorandum of law regarding the prosecution of juveniles under

---

[1]On April 19, 1995 a superseding indictment was returned which charges both Wellington and Lynden Joseph Scott with the car jacking (Count I) and the use of a firearm during a crime of violence (Count II).

[2] "... [A] "juvenile' is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, and "juvenile delinquency' is the violation of a law of the United States committed by a person prior to his eighteenth birthday which would be a crime if committed by an adult or a violation by such person of section 922(x)."

18 U.S.C. § 5031 (1996).

federal law.

On January 11, 1995, the government filed copies of juvenile court records on the defendant and supplemented its filing by a January 12, 1995 notice. The government also filed on January 11, 1995, a motion to transfer the proceedings against Wellington from juvenile proceedings to adult status. In its motion, the government set forth the following statements in support of its request to prosecute Wellington as an adult:

II.

The defendant was nine days shy of his eighteenth birthday when he committed the above offenses. Therefore, he is considered a juvenile, according to Title 18, United States Code, Section 5031 ... The offenses committed by the defendant are crimes of violence as defined by title 18, United States Code, Section 16.

III.

It would be in the interest of justice if this Court would transfer the defendant for treatment as an adult for federal criminal prosecution. The defendant was only nine days from adulthood when he committed the offenses describe herein and those offenses are proscribed by federal law. Moreover, the seriousness of the offenses presents a compelling federal interest in prosecuting the defendant as an adult.

IV.

Authority to proceed with this motion to transfer has been authorized by an officer of the Criminal Division of the Department of Justice under the authority delegated to him by the Attorney General of the United States, as evidenced by the attachment to this motion which is made a part of this motion for all purposes.

On January 25, 1995, United States District Judge Daniel Hurley referred the matter to Magistrate Judge Anne E. Vitunac pursuant to 28 U.S.C. § 636(b).

On February 27, 1995, Magistrate Judge Vitunac conducted a hearing on the motion to transfer. At the hearing, the government

presented three witnesses:  (1) Special Agent Dale Taulbee of the FBI;  (2) Assistant State Attorney Jeff Driscoll;  and (3) Dr. John Spencer.  Mr. Taulbee testified as to the nature and gravity of the carjacking and provided information concerning the harm to the victim of the carjacking.  Wellington's attorney cross-examined Taulbee concerning Wellington's previous criminal record.  Mr. Driscoll testified as to the available programs in the state juvenile program and the conditions placed on Wellington following previously reported acts of juvenile delinquency.  Lastly, Dr. Spencer, a licensed clinical psychiatrist who had examined Wellington on behalf of the government, presented his opinions as to Wellington's intellectual development, psychological maturity and the results of his assessment as to any significant mental disorder.  Dr. Spencer determined that Wellington was of average or slightly above average intelligence and had a degree of sophistication in his dealings with others.  According to Dr. Spencer's analysis, Wellington did not suffer from a mental disorder, but rather an antisocial personality disorder, causing him to be egocentric, interested in short-term gain, and act in a self-serving and sometimes impulsive fashion.  Dr. Spencer also testified that if Wellington did in fact shoot the victim twice in an unprovoked setting, then he doubts that Wellington would be controlled or rehabilitated by the state juvenile programs due to the likelihood that similar behavior may reemerge and Wellington's likely reaction to treatment methods would be to refuse cooperation due to their "childish" or "Mickey Mouse" character.

Wellington presented Dr. Buxtel, a licensed clinical

psychologist who also examined Wellington. Dr. Buxtel testified that based on his evaluations, Wellington's test results indicate a borderline to below average range for his intellectual performance. In Dr. Buxtel's opinion, Wellington's profile was more favorable than unfavorable as to his potential for rehabilitation. Finally, Wellington called his mother, Clovena Minkah to testify. Wellington's mother testified about an incident where she called the police because Wellington was jumping on her car, after having broken his tape player and a figurine in her home. Minkah testified that Wellington had been slow in school, and had received no psychological treatment in the past.

Magistrate Judge Vitunac issued her report and recommendation on March 13, 1995, concluding that the government's motion to transfer was due to be granted. Wellington's counsel filed objections to the report on March 16, 1995. On April 8, 1995, Judge Hurley entered an order stating that after conducting a *de novo* review of the evidence submitted as to the motion to transfer, the court adopted Magistrate Judge Vitunac's report and recommendation and ordered Wellington to be transferred to the United States District Court for prosecution as an adult. Wellington filed a notice of appeal on April 14, 1995, appealing the court's April 8, 1995 order.

## II.

This court has jurisdiction to review the district court's order transferring Wellington to adult status under § 5032, based on the collateral order exception set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528

(1949). *United States v. C.G.,* 736 F.2d 1474, 1476-77 (11th Cir.1984); *See also United States v. Angelo D.,* 88 F.3d 856, 858 & n. 1 (10th Cir.1996) (citing other circuits in agreement).

There are two different certification requirements under 18 U.S.C. § 5032 for juvenile delinquency proceedings in the federal district courts: (1) a "need certification" provision, requiring that the Attorney General certify that there is a need for proceedings to take place in federal rather than state court; and (2) a "record certification" provision, requiring the delivery of proper juvenile court records to the federal court or certification by the juvenile court that there are no such records. 18 U.S.C. § 5032 (1996); *United States v. Doe,* 13 F.3d 302, 303 (9th Cir.1993). In this case, Wellington challenges only the sufficiency of the "need certification.[3]"

"Certification is a jurisdictional requirement." *United States v. Baker,* 10 F.3d 1374, 1396 (9th Cir.1993), *cert. denied,* --- U.S. ----, 115 S.Ct. 330, 130 L.Ed.2d 289 (1994). Compliance with the jurisdictional prerequisites of § 5032, including the need certification, is necessary for federal court jurisdiction to exist. *United States v. Angelo D.,* 88 F.3d 856, 859 (10th Cir.1996); *United States v. Doe,* 49 F.3d 859, 866 (2d Cir.1995); *United States v. Doe,* 13 F.3d 302, 304 (9th Cir.1993); *United States v. Chambers,* 944 F.2d 1253, 1259 (6th Cir.1991), *cert. denied,* 502 U.S. 1112, 112 S.Ct. 1217, 117 L.Ed.2d 455 (1992); *United States v. Juvenile Male,* 923 F.2d 614, 618 (8th Cir.1991).

---

[3]Defendant has presented no challenges on appeal to the record certification filed in this case.

"If the Attorney General does not so certify, such juvenile shall be surrendered to the appropriate legal authorities of such State." 18 U.S.C. § 5032 (1996).

This court's scope of review as to certifications is narrow. *United States v. C.G.,* 736 F.2d 1474, 1477 (11th Cir.1984). The need certification is reviewable by this court for compliance with the requirements of section 5032. *C.G.,* 736 F.2d at 1477. "Normally ... the court may not inquire into the correctness of the statements made in the certification. Indeed, such an inquiry is appropriate only when the juvenile has established bad faith on the part of the government." *Id.* at 1477-78. In other words, this Circuit has adopted "a general rule insulating certifications from review" based on the absence of any authority for judicial review of such certifications or procedures to conduct such a review in § 5032 and the employing of prosecutorial discretion in making such determinations. *Id.; See also United States v. Welch,* 15 F.3d 1202, 1207 (1st Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1863, 128 L.Ed.2d 485 (1994). ("Notwithstanding several amendments expanding the role of the courts, the FJDA [Federal Juvenile Delinquency Act] continues to impart considerable prosecutorial discretion as to whether an accused will be tried as an adult ...") This court will not question the certification's accuracy. *United States v. C.G.,* 736 F.2d 1474, 1478 (11th Cir.1984).

In reviewing the need certification to determine if it complies with the requirements of section 5032, this court is inherently interpreting the statute and must apply a de novo standard. *United States v. Angelo D.,* 88 F.3d 856, 859 (10th

Cir.1996). Wellington alleges in his brief that the certification is inadequate to provide jurisdiction because: (1) there was no separate document designated as a "certification" to satisfy the requirements of § 5032 and (2) the motion to transfer only alleges "a compelling federal interest in prosecuting the defendant as an adult" and does not certify a substantial Federal interest in the case or the offense. Although Wellington did not challenge the sufficiency of the certification below, because this issue relates to the jurisdiction of a federal court to hear these claims, we will consider it for the first time on appeal. *See Glickstein v. Sun Bank/Miami, N.A.,* 922 F.2d 666, 672, n. 12 (11th Cir.1991).

Wellington argues that simply including the information that the Attorney General is required to certify in the motion to transfer was insufficient to comply with the requirements of § 5032 and provide the district court with jurisdiction over the motion to transfer. Neither Wellington nor the government has identified [4] for the court any case where this issue was expressly addressed.

When faced with challenges to the need certification, courts have demonstrated flexibility. *United States v. Wong,* 40 F.3d 1347, 1369 (2d Cir.1994), *cert. denied,* --- U.S. ----, 116 S.Ct. 190, 133 L.Ed.2d 127 (1995). Courts have refused to allow jurisdiction to be defeated by a technicality or ministerial act

---

[4]While the issue was not expressly addressed, the United States appeared to be relying on the information in its motion to transfer to satisfy the certification requirement of § 5032 in *United States v. Doe,* 871 F.2d 1248 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989), and the Fifth Circuit Court of Appeals approved the motion to transfer as following the necessary procedural requirements to allow the prosecution of a juvenile as an adult.

related to the certification requirement of § 5032. *United States v. Angelo D.,* 88 F.3d 856, 860 (10th Cir.1996) (citing opinions by other appellate courts). Rather, if the purpose of the certification requirement has been satisfied by an authorized person making the decision to file the motion to transfer, then "technical failure in filing is not fatal to jurisdiction." *United States v. Doe,* 871 F.2d 1248, 1257 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989) (quoting *United States v. Parker,* 622 F.2d 298, 307 (8th Cir.), *cert. denied sub nom. Ward v. United States,* 449 U.S. 851, 101 S.Ct. 143, 66 L.Ed.2d 63 (1980)).

It is undisputed that the motion to transfer was signed by the United States Attorney for the Southern District of Florida, Kendall Coffey, and had an attachment consisting of a letter from Terry R. Lord, Acting Chief General Litigation and Legal Advice Section of the Criminal Division for the Department of Justice, authorizing Coffey to seek the transfer on behalf of the Attorney General, pursuant to 28 C.F.R. § 0.57. Therefore, the motion itself demonstrates that an authorized person made the decision to file the motion to transfer in this case. While the practice of filing a separate document providing the certification required by § 5032 is preferable to including such information in the motion to transfer, the mere technicality of using one document as opposed to two is not sufficient to defeat jurisdiction.

Likewise, while it provides more clarity and less ambiguity for the United States Attorney to repeat the exact language in the statute and certify that the offense charged is a crime of violence

that is a felony and "that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction," the language in the government's motion to transfer is sufficient to constitute the necessary certification as required by § 5032. Based on the foregoing, we conclude that the statements set forth in the motion to transfer adequately served as the certification required by § 5032 and thereby provided the district court with jurisdiction over the motion to transfer.

Wellington challenges the sufficiency of the magistrate court's findings on the factors set forth in § 5032 for consideration in a motion to transfer. According to Wellington, the magistrate court's findings, adopted by the district court, were insufficient to meet the requirements of § 5032 because: (1) the magistrate judge failed to explain why factors supported prosecution as an adult; (2) the report fails to discuss whether a transfer is in the interest of justice; and (3) the findings are too brief and general.

Pursuant to § 5032, the district court is required to consider evidence as to six factors listed in the statute and determine if the transfer is in the interest of justice.[5]   18

---

[5]Section 5032 describes the factors to be considered in a motion to transfer as follows:

> Evidence of the following factors shall be considered, and findings with regard to each factor shall be made in the record, in assessing whether a transfer would be in the interest of justice: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs

U.S.C. § 5032 (1996). "In order to transfer for prosecution as an adult, the district court must make findings which are sufficient to satisfy the requirements of section 5032 and to enable the court of appeals to review the interest-of-justice determination." *C.G.,* 736 F.2d at 1478. Upon review of the magistrate judge's report, this court concludes that it provides an adequate summary of the underlying evidence considered. The report addresses each factor that the court was required to consider and states whether that factor weighs in favor of or against the transfer.

Section 5032 simply requires a finding on the record as to each *factor,* but does not require that the magistrate judge state specifically whether each factor weighed for or against the transfer. *United States v. Three Male Juveniles,* 49 F.3d 1058, 1061 (5th Cir.1995). Furthermore, the procedure established by section 5032 does not require that a district court or magistrate judge provide any explanation as to why it treated any particular finding as weighing in favor of or against transfer.

While section 5032 expressly requires a finding on the record as to each factor considered in the interest of justice determination, it does not require the district court to expressly state a finding that the transfer was "in the interest of justice."[6] In the report, the magistrate judge considered and made

designed to treat the juvenile's behavioral problems.

18 U.S.C. § 5032 (1996).

[6]*Cf. United States v. E.K.,* 471 F.Supp. 924, 932 (D.Or.1979), ("Denial of a motion to transfer does not require a finding that the transfer would not serve the interest of justice.")

findings regarding each factor and the statute does not require more. *United States v. T.F.F.,* 55 F.3d 1118, 1122 (6th Cir.1995); *United States v. Doe,* 871 F.2d 1248, 1254 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989).

The magistrate court's report in this case cannot be treated as being similarly deficient to the district court's order in *United States v. C.G.,* 736 F.2d 1474 (11th Cir.1984). The order in *C.G.* was described by this court as devoid of any consideration as to two of the statutory factors and as treating the factors addressed in only a one sentence, summary fashion. 736 F.2d at 1479. In this case, the magistrate court's report is over nine pages long and manifests appropriate consideration of the evidence presented at the hearing with specific findings on each statutory factor. Based on our review of the magistrate court's report, adopted in full by the district court, we conclude that the findings adequately comply with the requirements of § 5032.

Finally, Wellington challenges the factual findings in the magistrate court's report as being clearly erroneous. In his brief, Wellington requests that this court second guess the district court's weighing of certain information and find the basis for the factual findings as to his intellectual development and physiological maturity as well as the availability of treatment programs to be in error.

"The "interest of justice' analysis gives the district court broad discretion." *United States v. Doe,* 871 F.2d 1248, 1252 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989). "In conducting the six-factor analysis, the district court

acts as the finder of fact, and any credibility choices made regarding factual findings "cannot be overturned unless clearly erroneous.' " *United States v. Three Male Juveniles,* 49 F.3d 1058, 1060 (5th Cir.1995). As long as the court has considered all six of the factors listed in the statute, then "its decision to transfer a juvenile defendant to adult status is reviewable only for abuse of discretion." *United States v. Doe,* 49 F.3d 859, 867 (2d Cir.1995); *United States v. Doe,* 871 F.2d 1248, 1255 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989).

"A court is certainly not required to weigh all statutory factors equally." *United States v. Doe,* 871 F.2d 1248, 1255 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989). A court may weigh the statutory factors as it deems appropriate and "is free to determine how much weight to give each factor." *United States v. T.F.F.,* 55 F.3d 1118, 1120 (6th Cir.1995); *United States v. Juvenile Male No. 1,* 47 F.3d 68, 71 (2d Cir.1995); *United States v. A.R.,* 38 F.2d 699, 705 (3d Cir.1994); *United States v. Doe,* 871 F.2d at 1255.

Wellington argues that the magistrate judge's findings give too much weight to the seriousness of the offense. Many courts have held that a district court is entitled to give more weight to the seriousness of the offense than to other factors when determining the realistic chance for rehabilitation. *United States v. One Juvenile Male,* 40 F.3d 841, 845 (6th Cir.1994); *United States v. A.R.,* 38 F.3d 699, 705 (3d Cir.1994); *Doe,* 871 F.2d at 1255. In a factually similar case, *United States v. A.R.,* 38 F.3d

699, 705 (3d Cir.1994), the Third Circuit Court of Appeals affirmed a district court's decision to give great weight to the violent felony of carjacking and the use of a semi-automatic pistol to threaten the victim.  Similarly, in this case Wellington is accused of carjacking and using a firearm to wound and paralyze a victim. We agree that the seriousness of an offense such as the those charged in this case, carjacking and use of a weapon, can be given great weight and the magistrate court's findings were not clearly erroneous due to the strong reliance on this factor.

Wellington also challenges the magistrate court's according significant weight to his chronological age in its report.  The statute expressly provides for consideration of "the age and social background of the juvenile."  18 U.S.C. § 5032 (1996).[7]  The fact that Wellington was merely nine days shy of his eighteenth birthday when the alleged offense was committed contributes an important facet to the interest of justice equation.  Therefore, we conclude that since the district court has discretion to weigh all statutory factors, including age, in whatever manner it deems appropriate, it did not err by focusing on Wellington's age.

---

[7]Other appellate courts have affirmed the decision by a district court to transfer a juvenile where the chronological age was relied on.  For example, the district court noted that the defendant was "seventeen years and ten months when the crimes were allegedly committed" as supporting the transfer in *United States v. T.F.F.,* 55 F.3d 1118, 1120 (6th Cir.1995).  Also, in *United States v. Doe,* 49 F.3d 859, 867 (2d Cir.1995), the district court found that the age factor supported transfer because "Doe was approximately 161/2 years old at the time of the Georgia jewelry store robbery and 17 at the time of the New York electronics firm extortions" and continued to engage in acts involving a gang up to a year short of his eighteenth birthday. Therefore, the court concluded that the conduct with which Doe was charged "did not occur ... when he was very young."  *Doe,* 49 F.3d at 867.

After reviewing for abuse of discretion the magistrate court's findings, which were adopted fully by the district court, we conclude that there was no abuse of discretion in this matter.

III.

Based on the foregoing, we have determined that the information in the motion to transfer provided the district court with jurisdiction to consider the motion to transfer. Upon review of the findings as to the motion, we conclude that the report satisfies the requirements of 18 U.S.C. § 5032 and find none of the factual findings to be clearly erroneous. Therefore, the district court's decision to transfer Wellington to adult status for prosecution is AFFIRMED.