178 F.3d 22,
UNITED STATES, Appellee,
v.
Michael S. SMITH, a/k/a Juvenile, Male, Defendant, Appellant.
 No. 98-1807.
 United States Court of Appeals,
First Circuit.
 Heard March 4, 1999.
Decided May 17, 1999.
 
 William Maselli, by appointment of the Court, with whom Law Offices of William Maselli was on brief, for appellant.
 F. Mark Terison, Assistant United States Attorney, with whom Jay P. McCloskey, United States Attorney, was on brief, for appellee.
 Before BOUDIN, Circuit Judge, MAGILL,* Senior Circuit Judge, and LYNCH, Circuit Judge.
 MAGILL, Senior Circuit Judge.
 
 
 1
 Michael S. Smith was over seventeen years old on the night he and two others committed an armed carjacking and two armed robberies. A federal criminal complaint was filed and, based on the United States Attorney's 18 U.S.C. § 5032(3) certification that a "substantial Federal interest" in the case justified federal jurisdiction, the district court held that it had jurisdiction. After the district court granted the government's motion to transfer Smith for prosecution as an adult, Smith entered a conditional guilty plea. On appeal, he challenges both the certification that a substantial federal interest in this case warranted federal jurisdiction and the district court's decision to transfer him for adult prosecution. We affirm and join five of our sister circuits in holding that certification of a substantial federal interest is not reviewable.
 
 I.
 
 2
 During the evening of February 6, 1997, Michael Smith, who was just eight months shy of his eighteenth birthday and serving a term of probation for one of his previous four criminal convictions, went on a crime spree with Robert Newell (Newell), an adult, and Robert W. (Robert), a juvenile. That night, they committed two armed robberies and one armed carjacking. They first decided to rob an apartment. After entering the apartment, Robert menaced each of the occupants with a handgun while Smith held a butcher knife against the throat of one of the occupants. When making their getaway from the apartment, Newell, Robert, and Smith came across a woman unloading groceries from her car. Robert grabbed her, pointed the gun in her face, and demanded that she give him the car keys. After taking the woman's car, they realized that they needed gasoline and stopped at a gasoline station. While Robert pumped gas, Smith entered the station, pointed the gun at the cashier, and demanded that she give him some cigarettes. After taking the cigarettes and informing the cashier that they would not pay for the gas, the three left the gas station.
 
 
 3
 The gas station cashier then called the police and reported the crime. When officers spotted the stolen car, a chase ensued. Eventually, Robert lost control of the car and drove down an embankment. Although both Robert and Smith jumped out of the car and attempted to flee, the police quickly apprehended them.
 
 
 4
 After Smith's arrest, a federal criminal complaint was filed, charging him in two counts. The first count charged Smith with conspiracy, in violation of 18 U.S.C. § 371, to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951, and to take a motor vehicle by means of force, violence and intimidation, and with the intent to cause death or serious bodily harm, in violation of 18 U.S.C. § 2119. The second count charged him with using and carrying a firearm in connection with the conspiracy, in violation of 18 U.S.C. § 924(c)(1). Pursuant to 18 U.S.C. § 5032(3), the United States Attorney certified that Smith was a juvenile and that there was a "substantial Federal interest" in the case and the offenses to warrant the exercise of federal jurisdiction. The United States Attorney also filed a motion to transfer Smith for prosecution as an adult.
 
 
 5
 Smith filed a motion to dismiss the case for lack of federal jurisdiction, contending that there was not a substantial federal interest. The district court denied the motion, finding that the United States Attorney's certification of a substantial federal interest was unreviewable.
 
 
 6
 Smith also objected to the government's transfer motion. After appointing a psychologist to examine Smith and conducting a hearing, the district court granted the government's motion to transfer. In doing so, the court "place[d] primary importance on the seriousness of the crimes committed by [Smith]." United States v. MS-Juvenile Male, No. 97-6-P-C, slip op. at 10 (D.Me. Feb. 4, 1998).
 
 
 7
 Smith subsequently entered a conditional guilty plea. On appeal, he contends that (1) the district court erred in refusing to review the United States Attorney's certification that a substantial federal interest exists in this case and (2) the district court abused its discretion in granting the government's motion to transfer.
 
 II.
 
 8
 This case requires this court to delve into the procedure set forth in 18 U.S.C. § 5032 for trying a juvenile in federal court and for transferring such a juvenile for prosecution as an adult. In relevant part, § 5032 provides that a district court has jurisdiction over a juvenile if "the Attorney General, after investigation, certifies to the appropriate district court of the United States that ... (3) the offense charged is a crime of violence that is a felony ... and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction." 18 U.S.C. § 5032. Once federal jurisdiction has attached, juvenile delinquency proceedings ensue unless the court transfers the juvenile for prosecution as an adult. If the government files a motion for transfer on the ground that the felony is a "crime of violence," the court must hold a hearing, consider evidence of the six specific factors set forth in § 5032, and make "findings with regard to each factor ... in the record." Id. The district court then must weigh the factors and determine whether a "transfer would be in the interest of justice." Id.; see also United States v. Hemmer, 729 F.2d 10, 17-18 (1st Cir.1984). If the court deems a transfer would be in the interest of justice, the court may transfer the juvenile for prosecution as an adult.
 
 A. Certification
 
 9
 Smith first contends that the district court erred in concluding that it lacked jurisdiction to review the United States Attorney's certification made pursuant to § 5032(3) that a "substantial Federal interest" warranted federal prosecution. Although this court has not yet determined whether a court has jurisdiction to review a United States Attorney's certification that there is a "substantial Federal interest" in a particular case, five of the six other circuits addressing this issue have held that a court may not review such a certification. See United States v. Juvenile Male J.A.J., 134 F.3d 905 (8th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 2388, 141 L.Ed.2d 753 (1998); In re Sealed Case, 131 F.3d 208 (D.C.Cir.1997); United States v. Juvenile No. 1, 118 F.3d 298 (5th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 457, 139 L.Ed.2d 391 (1997); Impounded, 117 F.3d 730 (3d Cir.1997); United States v. I.D.P., 102 F.3d 507 (11th Cir.1996). Only the Fourth Circuit has permitted judicial review of the existence of a substantial federal interest in a § 5032 certification. See United States v. Juvenile Male # 1, 86 F.3d 1314 (4th Cir.1996).
 
 
 10
 We agree with the great majority of circuits that hold that "the United States Attorney's certification of a substantial federal interest is an unreviewable act of prosecutorial discretion." Juvenile Male J.A.J., 134 F.3d at 909. As explained more thoroughly by the Eighth Circuit in Juvenile Male J.A.J. and the Third Circuit in Impounded, the statute's text and structure, as well as separation of powers concerns, support our conclusion that a federal court may not review a United States Attorney's certification of a substantial federal interest.[1] See Juvenile Male J.A.J., 134 F.3d at 906-09; Impounded, 117 F.3d at 733-37.
 
 
 11
 The text of § 5032 does not specifically provide for judicial review of a certification and fails to articulate any standards for determining the existence of a substantial federal interest. Conversely, § 5032 "expressly provides for judicial review of orders transferring a juvenile for adult prosecution and outlines standards for courts to apply, yet it is silent regarding review of certification." In re Sealed Case, 131 F.3d at 212. Like the Eighth Circuit, we believe that "Congress's decision to specifically allow judicial review of transfer, but not of certification of a substantial federal interest, is powerful evidence that judicial review of the latter is barred." Juvenile Male J.A.J., 134 F.3d at 908; see also Juvenile No. 1, 118 F.3d at 305 ("We find it difficult to conclude that Congress intended to leave the courts to their own devices in determining whether a 'substantial Federal interest' exists 'to warrant the exercise of Federal jurisdiction,' while specifying with such care the considerations that must inform a court's evaluation of whether a transfer would be 'in the interest of justice' in a particular case."). In addition, we note that "the exercise of prosecutorial discretion, at the very core of the executive function, has long been held presumptively unreviewable." In re Sealed Case, 131 F.3d at 214; see also Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (noting that "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion" and "[t]his broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review" (internal quotation marks omitted)). "In the context of certification under this statute, the government's authority to ascertain the presence of a substantial federal interest is no different from its authority to decide whether to prosecute a case in a federal forum. This type of decision falls squarely within the parameters of prosecutorial discretion that [is unreviewable]." I.D.P., 102 F.3d at 511; see also Juvenile No. 1, 118 F.3d at 306 (agreeing that "the government's authority to certify that a given case implicates a substantial federal interest is akin to the government's authority to decide which cases to prosecute" (internal quotation marks omitted)). Furthermore, we agree with the Fifth Circuit that the "legislative history ... also indicates congressional intent to vest the federal prosecutor, not the court, with authority to decide whether a substantial federal interest exists in a particular case." Id.; see generally id. at 306-07 (analyzing legislative history); I.D.P., 102 F.3d at 512-13 (same).
 
 
 12
 Based on the foregoing, we conclude that United States Attorney's certification of a substantial federal interest constitutes an unreviewable act of prosecutorial discretion. Accordingly, we affirm the district court's refusal to review the United States Attorney's certification that a "substantial Federal interest" warrants prosecuting Smith in federal court. Because Smith raises no other challenges to the certification,[2] we find that the district court properly exercised jurisdiction over Smith.
 
 B. Transfer
 
 13
 Smith next contends that the district court erred in concluding that transferring him for prosecution as an adult "would be in the interest of justice." 18 U.S.C. § 5032. We disagree.
 
 
 14
 So long as the district court makes findings as to the six criteria outlined in § 5032, we review the district court's interest-of-justice determination for an abuse of discretion. See Hemmer, 729 F.2d at 17-18. The district court's findings of fact underlying the transfer decision are reviewed under the clearly erroneous standard. See, e.g., United States v. Parker, 956 F.2d 169, 171 (8th Cir.1992); Fed.R.Civ.P. 52(a).
 
 
 15
 Smith has undertaken a difficult burden in challenging the transfer. "[N]o court of appeals has ever found that a district court abused its discretion by failing to balance properly the six statutory factors." United States v. Juvenile Male # 1, 47 F.3d 68, 71 (2d Cir.1995) (citing cases). This includes every published case where "the juvenile was transferred to adult status for the crime of armed robbery," United States v. Doe, 871 F.2d 1248, 1252 (5th Cir.1989) (citing cases from three other circuits), or for the crime of armed carjacking, see United States v. Wellington, 102 F.3d 499, 506 (11th Cir.1996); United States v. A.R., 38 F.3d 699, 705 (3d Cir.1994).
 
 
 16
 As required by § 5032, the district court considered and made written findings as to each of the following six factors: (1) "the age and social background of the juvenile;" (2) "the nature of the alleged offense;" (3) "the extent and nature of the juvenile's prior delinquency record;" (4) "the juvenile's present intellectual development and psychological maturity;" (5) "the nature of past treatment efforts and the juvenile's response to such efforts;" and (6) "the availability of programs designed to treat the juvenile's behavioral problems." 18 U.S.C. § 5032. The district court found that (1) Smith joined a gang at age fourteen, fathered a child at age fifteen, and committed the instant offenses at the age of seventeen years and four months; (2) the instant offenses--two armed robberies and one armed carjacking--"undoubtedly qualif[y] among the most serious and violent acts this Court is presented with each day," slip op. at 9-10; (3) Smith's previous criminal record included four convictions over the course of five years and seven additional criminal charges which had been dismissed; (4) Smith's psychological maturity is somewhere between adolescence and adulthood, and Smith has a broad range of psychological and behavioral problems which reflect a Borderline Personality Disorder and are complicated by Smith's history of alcohol and drug abuse; (5) treating Smith as a juvenile in the past had proved to be ineffectual (not only did Smith have an extensive criminal record, but he was serving a term of probation at the time he committed the instant offenses); and (6) it could not be sure that the federal juvenile system had sufficient treatment programs available for Smith. On the basis of its findings, and relying primarily on the egregiousness of the instant offenses, the court concluded that transferring Smith for adult prosecution would be in the interest of justice.
 
 
 17
 Having carefully reviewed the record, we conclude that the district court's findings as to each factor are not clearly erroneous. Although Smith challenges the manner in which the district court weighed the various factors, we have previously explained that "it is within the district court's reasoned discretion as to what weight to assign each factor." Hemmer, 729 F.2d at 17; see also Wellington, 102 F.3d at 506 (explaining that a district court is "not required to weigh all statutory factors equally" (internal quotation marks omitted)). Courts have unanimously held that a district court does not abuse its discretion in placing primary emphasis on the gravity of the juvenile's offense. See Hemmer, 729 F.2d at 18 ("In light of the gravity of the crime involved [ (armed robbery) ], weighed against the other five section 5032 factors, we cannot say that the district court struck the balance improperly."); see also Juvenile No. 1, 118 F.3d at 307 (explaining that "[t]he seriousness of the offense, for instance, can be given more weight than other factors" (internal quotation marks omitted)); Wellington, 102 F.3d at 506 (holding that "a district court is entitled to give more weight to the seriousness of the offense than to other factors"); A.R., 38 F.3d at 705 (holding that the district court did not err by placing strong reliance on juvenile's crime--armed carjacking); Doe, 871 F.2d at 1255 (also holding that the district court did not err in placing strong emphasis on juvenile's crime--armed robbery). Moreover, the proximity of a juvenile's age to age eighteen is another important factor for the court's consideration. See Wellington, 102 F.3d at 506-07 & n. 7. Smith was only eight months shy of eighteen at the time he committed these three armed criminal offenses. In view of the gravity of the instant offenses, Smith's age when he committed those offenses, and Smith's extensive criminal record, we find that the district court did not abuse its discretion in concluding that transferring Smith for adult prosecution would be in the interest of justice.
 
 III.
 
 18
 For the foregoing reasons, we affirm the district court.
 
 
 
 *
 Of the Eighth Circuit, sitting by designation
 
 
 [1]
 Although these same courts will review a certification of a substantial federal interest if there is an allegation that the United States Attorney has made the certification in bad faith, see, e.g., Impounded, 117 F.3d at 736, Smith has not made such an allegation here
 
 
 [2]
 Facial review of the certification to determine its adherence to the statutory form requirements is available; but such a challenge is not made here