**UNITED STATES of America,**

v.

**Angel RENTAS CRUZ, Defendant.**

**No. Crim.01–642(HL).**

United States District Court,
D. Puerto Rico.

Jan. 9, 2002.

Hector E. Guzman–Silva, Federal Public Defender's Office, San Juan, PR, for Angel L. Rentas–Cruz, defendant.

Sonia I. Torres–Pabon, U.S. Attorney's Office District of P.R., Criminal Division, Carlos Chardon Ave., Hato Rey, PR.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is an objection by Defendant Angel Rentas Cruz ("Rentas") to an order by Magistrate Judge Delgado–Colón denying his motion to transfer his case to juvenile court. The indictment, filed August 30, 2001, charges Rentas and his seven co-defendants with a conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment alleges that the conspiracy began in 1997 and continued until the return of the indictment. Rentas was born December 28, 1981. Thus, when the alleged conspiracy began he was sixteen. When the indictment was filed he was nineteen.

Rentas had moved to transfer his case to juvenile court.[1] Magistrate Judge Delgado–Colón ruled that the Government had shown that Rentas had ratified his participation in the conspiracy with con-

---

1. Docket no. 38.

duct committed when he was an adult.[2] Although the Magistrate's brief order does not specify how the Government made this showing, the Court will assume that the Magistrate relied on the Government's opposition to Rentas' motion to transfer. In that opposition, the Government submitted a Drug Enforcement Administration investigation report which detailed conduct committed by an "Angel" in March 2001.[3] The Court presumes that the Angel in this report is Rentas.

▮ In those cases where a defendant is charged with the commission of a single, discrete act, it will usually be apparent whether the act was committed before or after the defendant's eighteenth birthday. In the case of a conspiracy, however, the continuing nature of this offense may span the defendant's eighteenth birthday. *United States v. Welch,* 15 F.3d 1202, 1207 (1st Cir.1993). For a federal court to assume jurisdiction over the defendant, there must be a "threshold demonstration" of conspiracy acts committed after his eighteenth birthday. *United States v. Wong,* 40 F.3d 1347, 1366 (2nd Cir.1994). The First Circuit has held that allegations are sufficient to make this showing. *See Welch,* 15 F.3d at 1207.

▮ In the present case, the Government has made this initial showing. The indictment alleges that the conspiracy continued up to August 30, 2001, at which time Rentas was nineteen years old. Moreover, the DEA report it submitted also demonstrates post-eighteenth birthday conduct by Rentas. Thus, the Court may assume jurisdiction over Rentas.

▮ Rentas complains that he was denied his right to a hearing on this matter. The First Circuit's opinion in *Welch,* however, does not support this position. The similarity of the facts of that case to the present one dooms Rentas' arguments. *Welch* involved charges of a drug conspiracy in violation of 21 U.S.C. § 846. In *Welch,* there were two defendants who were indicted between their eighteenth and twenty-first birthdays for conduct that spanned their eighteenth birthdays. *See* 15 F.3d at 1206–07. The First Circuit held that a pre-trial evidentiary hearing was not necessary. *Id.* at 1206–10. Instead, the question of whether these particular defendants had participated in or ratified the conspiracy with post-eighteenth birthday conduct could be left to the jury. *Id.* at 1209–10. Based on that holding, the Court denies Rentas' request for a pretrial hearing.

This denial does not mean that Rentas is left without a means of raising the issue of whether he is properly being tried as an adult. At trial, the Government will have to prove that Rentas participated in or ratified the conspiracy with acts committed after his eighteenth birthday. *See id.* at 1209; *see also United States v. Delatorre,* 157 F.3d 1205, 1209 (10th Cir.1998); *United States v. White,* 116 F.3d 903, 922 (D.C.Cir.1997); *Wong,* 40 F.3d at 1366. The jury will make this determination at trial. *See Welch,* 15 F.3d at 1212. In *Welch,* the First Circuit quoted the district court's jury instructions on this issue. *See* 15 F.3d at 1212. In the present case, the Court will rely on this quoted language in its own instructions to the jury.[4]

---

**2.** Docket no. 46.

**3.** Docket no. 43.

**4.** As an aside, the Court points out that, notwithstanding the Government's obligation of showing that Rentas ratified the conspiracy

after his eighteenth birthday, any proof of his pre-majority conduct will not merely be "extrinsic evidence of a prior wrongful act, but an integral component of the alleged conspiracy" for which he is being tried. *See Welch,*

Lastly, Rentas claims that the Government has failed to properly certify this case. Under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5042, the Attorney General must certify to the appropriate district court either that (1) the appropriate state or local court does not have jurisdiction over the juvenile; (2) the state does not have adequate services for the juvenile; or (3) the offense charged is a crime of violence or an alleged violation of—among other statutes—21 U.S.C. § 841. 18 U.S.C. § 5032. This certification is a jurisdictional requirement. *United States v. Wellington,* 102 F.3d 499, 503 (11th Cir.1996). Courts have, however, demonstrated flexibility in dealing with this requirement. *Id.* at 504; *United States v. Angelo D.,* 88 F.3d 856, 860 (10th Cir.1996) (citing cases); *Wong,* 40 F.3d at 1369. Jurisdiction will not be defeated due to the failure to perform a technical filing or ministerial act. *Wellington,* 102 F.3d at 504. In the present case, there has not been a formal "certification" by the Government. However, the indictment speaks for itself: it alleges a violation of 21 U.S.C. § 841. The Court will treat the indictment as a certification by the Attorney General that the offense charged is a violation of 21 U.S.C. § 841. It would be pointless to require the Government to make a self-evident certification that the indictment alleges such a violation. Therefore, the Government has satisfied the certification requirement.

WHEREFORE, the Court denies Rentas' motions (docket nos. 38 & 48). As discussed above, he will be able to raise at trial the question of whether he participated in or ratified the conspiracy after his eighteenth birthday.

**IT IS SO ORDERED.**

15 F.3d at 1211 n. 11; *see also Delatorre,* 157    F.3d at 1211.