UNITED STATES of America, Appellant,

v.

JUVENILE MALE # 1, Defendant–
Appellee.

Nos. 955, Docket 94–1371.

United States Court of Appeals,
Second Circuit.

Argued Oct. 17, 1994.

Decided Feb. 3, 1995.

Theodore B. Heinrich, Asst. U.S. Atty.,
District of Connecticut, Bridgeport, CT
(Christopher Droney, U.S. Atty., New Ha-
ven, CT), for appellant.

Timothy P. Aspinwall, Stratford, CT, for
defendant-appellee.

Before: OAKES, ALTIMARI and
WALKER, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellee Juvenile Male # 1
(hereinafter "I.R.," *see* 18 U.S.C. § 5038(e))

was seventeen years old at the time of his arrest in 1993 for various narcotics offenses. Appellant United States of America (the "government") filed a motion pursuant to 18 U.S.C. § 5032 to transfer the action and prosecute I.R. as an adult. Following a hearing on the motion, a magistrate judge issued proposed findings and a recommended ruling that transfer was appropriate. The United States District Court for the District of Connecticut (Dorsey, J.), reviewing the record *de novo*, rejected the magistrate judge's conclusion and denied the government's motion for transfer on April 29, 1994.

The government appeals from the district court's order denying its motion to prosecute I.R. as an adult. The government argues that the district court abused its discretion by failing to weigh the required statutory factors properly, and by relying on erroneous and unsupported findings of fact regarding past treatment I.R. had received and available treatment programs. Because we conclude that the district court did not abuse its discretion, we affirm its order denying the government's motion for transfer.

## BACKGROUND

On September 15, 1993, an indictment was filed against I.R. and seven co-defendants, charging a conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). I.R. was also charged with possessing and distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The charges related to I.R.'s alleged involvement in the "Green Top Posse," a narcotics gang in Connecticut.

I.R. was arrested on October 8, 1993, at which time he was seventeen years old. On October 12, 1993, a new criminal complaint was issued, charging I.R. with only the distribution of cocaine base for his alleged sale of four vials of cocaine base to an undercover officer on June 23, 1993. The government moved to transfer the prosecution pursuant to 18 U.S.C. § 5032 and to try I.R. as an adult. That statute provides that a juvenile who commits certain enumerated offenses (including the distribution of controlled substances) after his fifteenth birthday may be prosecuted as an adult if, after a hearing, the

district court finds that transfer is in the "interest of justice." 18 U.S.C. § 5032. In making this determination, the district court must consider and make findings with respect to each of the following factors: the juvenile's age and social background; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's intellectual development and psychological maturity; the nature and success of past treatment efforts; and the availability of programs to treat the juvenile's behavioral problems. 18 U.S.C. § 5032.

■ The statute also provides for mandatory transfer for prosecution as an adult in cases where a juvenile commits an offense after his sixteenth birthday involving the use, threatened use, or a substantial risk of physical force, and "has previously been found guilty of an act which if committed by an adult would have been" one of the enumerated offenses supporting discretionary transfer. 18 U.S.C. § 5032. The term "found guilty" includes past juvenile delinquency adjudications. *See United States v. David H.*, 29 F.3d 489, 492–93 (9th Cir.1994). The government claims that had it moved for mandatory transfer, the district court would have been required to grant it. Because the government did not move for mandatory transfer, however, that issue is not before us.

Following a hearing on this motion, the magistrate judge concluded that transfer was in the interest of justice. In reaching this conclusion, the magistrate judge considered testimony from a psychiatrist, Dr. Deborah Giorgi–Guarnieri, and several other witnesses, as well as assorted documentary evidence. After weighing the statutory factors, the magistrate judge concluded that "the alternatives cannot do justice to the community's need for protection and offer nothing better than the hope that treatment might be effective in changing I.R.'s behavior...."

Specifically, the magistrate judge found that the nature of the offense was particularly serious: "[n]ot only does it implicate I.R. in an organized crack distribution network which has been functioning for more than two years, it also associates him with a vio-

lent group of young men who have terrorized a neighborhood with weapons and physical violence." In addition, the magistrate judge focused on I.R.'s extensive criminal history, including an adult conviction in New York for criminal possession of a loaded weapon and a delinquency adjudication in Connecticut for possession of narcotics with intent to sell. Moreover, the magistrate judge expressed concern that if I.R. were sentenced as a juvenile, federal supervision would last only until I.R. turned twenty-one. Although the magistrate judge recognized that certain factors militated in favor of juvenile treatment, she concluded that

> the interests of justice lie in protecting society from the violence and harm that I.R. has shown a potential to perpetrate, while at the same time offering him the therapeutic services—drug abuse treatment and intensive counseling—which will be necessary if any reformation of his personality is possible. The protection of society can best be accomplished through the federal criminal justice system, which provides incarceration at varying levels of security, together with terms of mandatory supervised release through which released prisoners are monitored and an offender who commits another crime knows that he will return to prison for the remainder of that substantial term.

I.R. moved for *de novo* review by the district court. As an alternative to prosecuting I.R. as an adult, the district court proposed that an additional criminal charge be filed against I.R., to which I.R. could plead guilty as an adult. The district court, however, would defer acceptance of this plea. I.R. would be treated as a juvenile on the other pending charge and could seek rehabilitation at an institution specializing in the rehabilitation of juvenile offenders involved with violent gangs. If his progress proved unsatisfactory, the district court indicated that it would accept his plea on the other charge and sentence him as an adult. The government rejected this proposal, primarily because of the seriousness of the offense with which I.R. was charged.

By ruling dated April 29, 1994, the district court rejected the recommendation of the magistrate judge and found that transfer was not in the interest of justice. Although the district court acknowledged that the nature of the offense was serious and that I.R. had an extensive juvenile record, it found that other statutory factors weighed in favor of juvenile adjudication. For example, the district court noted that I.R. was "a product of poverty," "[a]n angry child [who] appears to have been simply allowed to walk away." The district court also considered I.R.'s "untapped learning ability" and his ability to distinguish right from wrong. Lastly, the district court described past treatment efforts as "desultory," stated that "real programs, therapy ... [and] support or structure [were] clearly missing from his environment," and noted that Dr. Giorgi–Guarnieri saw "a glimmer of hope in future treatment." The district court also found that if prosecuted as an adult, I.R. would not receive satisfactory rehabilitation, whereas treatment programs were available, according to the probation department, if he were adjudicated as a juvenile.

The district court concluded,

> Society has not assisted [I.R.] in alleviating the scars that have marked his emotional and psychological development to date. A strict law and order concept fails to recognize that the poor choices I.R. has made reflect, in part, the limited positive guidance in his development. Congress has provided juvenile adjudication as an alternative to adult prosecution. That reflects a hope that the disastrous effects of the environment in which I.R. has grown can be reversed.
> In the interests of justice, one last effort to stave off the downward course of life I.R. has followed is the more appropriate choice.

The district court also criticized the government for not being "blessed with the ... enlightenment" to accept the middle course the court had proposed. By Order dated June 7th, 1994, the district court rejected the government's motion for reconsideration.

█ Although the denial of the motion to transfer is an interlocutory order, it is immediately appealable under the collateral order exception of *Cohen v. Beneficial Indus. Loan*

*Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See David H.,* 29 F.3d at 491 n. 2. The government now appeals from the district court's denial of its motion to transfer the case and from the denial of its motion for reconsideration.

## DISCUSSION

■ The primary purposes of the federal juvenile delinquency provisions, including 18 U.S.C. § 5032, are to "remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction and to encourage treatment and rehabilitation." *United States v. Brian N.,* 900 F.2d 218, 220 (10th Cir.1990) (citations omitted); *United States v. J.D.,* 525 F.Supp. 101, 103 (S.D.N.Y.1981). A district court must balance these purposes against the need to protect the public from violent and dangerous individuals. *See United States v. Alexander,* 695 F.2d 398, 401 (9th Cir.1982) (citation omitted), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1337 (1983). Juvenile adjudication is presumed appropriate unless the government establishes that prosecution as an adult is warranted. *See United States v. A.R.,* 38 F.3d 699, 706 (3d Cir.1994).

■ In deciding whether to transfer an action, the district court must consider and make findings on the record with respect to the six statutory factors described above. *See* 18 U.S.C. § 5032. The district court is not required to afford equal weight to each factor, but instead may balance them as it deems appropriate. *See United States v. Doe,* 871 F.2d 1248, 1254–55 (5th Cir.), *cert. denied,* 493 U.S. 917, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989); *Alexander,* 695 F.2d at 400–01. The district court must make factual findings sufficient to permit meaningful appellate review. *See United States v. Romulus,* 949 F.2d 713, 715–16 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1690, 118 L.Ed.2d 403 (1992).

■ The determination of whether to transfer an action is committed to the discretion of the district court, and will be disturbed only where this Court finds an abuse of that discretion. *See A.R.,* 38 F.3d at 702; *United States v. A.W.J.,* 804 F.2d 492, 493 (8th Cir.1986). An abuse of discretion occurs if the district court fails to make the required factual findings, *see United States v. C.G.,* 736 F.2d 1474, 1479 (11th Cir.1984), or if those factual findings are clearly erroneous, *see United States v. G.T.W.,* 992 F.2d 198, 199 (8th Cir.1993). This Court will not upset a district court's determination simply because we would have reached a different conclusion had we considered the matter in the first instance.

In the case at bar, the government first argues that the district court abused its discretion by failing to balance properly the statutory factors, all of which allegedly weighed decisively in favor of transfer. The government also claims that the district court abused its discretion by relying on erroneous and unsupported findings of fact concerning two statutory factors: I.R.'s response to past treatment and the availability of appropriate treatment programs. Specifically, the government contends that the district court erred in failing (1) to consider that I.R. had responded poorly to specialized schooling and juvenile probation supervision and (2) to specify a suitable treatment program that would accept I.R.

As suggested above, the government bears a heavy burden in establishing that the district court abused its discretion. Indeed, no court of appeals has ever found that a district court abused its discretion by failing to balance properly the six statutory factors. *See, e.g., United States v. One Juvenile Male,* 40 F.3d 841 (6th Cir.1994); *United States v. Bilbo,* 19 F.3d 912 (5th Cir.1994); *United States v. Parker,* 956 F.2d 169 (8th Cir.1992).

■ After a careful review of the record, we conclude that the district court did not abuse its discretion in declining to transfer I.R. for prosecution as an adult. The fact that the district court relied more heavily on I.R.'s background and the lack of past treatment efforts than on the seriousness of the offense and I.R.'s juvenile record does not constitute an abuse of discretion. In addition, despite the government's contention, the district court's findings were not "erroneous and unsupported." To the contrary, the district court made detailed findings of fact as to each statutory factor.

With respect to I.R.'s response to past treatment, there was evidence in the record to support the district court's finding that I.R. had received only minimal treatment and responded well to certain of those efforts. For example, Dr. Giorgi–Guarnieri testified that I.R. had not received adequate treatment for his substance abuse or psychological problems. Moreover, she indicated that I.R.'s academic performance improved significantly once he received individualized attention. With respect to the availability of treatment programs, the district court found, based on its contact with the probation office, that adequate juvenile programs did not exist within a federal adult facility. Dr. Giorgi–Guarnieri also testified regarding the availability of programs treating youthful offenders with substance abuse problems. Neither the statute nor the case law require that the district court specify a particular program that will accept the juvenile defendant. *See, e.g., United States v. Gerald N.,* 900 F.2d 189, 191 (9th Cir.1990) (district court not required to ascertain availability of programs with California Youth Authority; decision to transfer upheld where district court "believed that there was a better chance of rehabilitation in the adult programs"); *cf. Romulus,* 949 F.2d at 715–16; *C.G.,* 736 F.2d at 1479. In summary, we do not believe that the district court abused its discretion in declining to transfer I.R. for prosecution as an adult.

## CONCLUSION

Based on the foregoing, we affirm the order of the district court.