**UNITED STATES of America, Plaintiff–Appellee,**

v.

**J.J.K., Defendant–Appellant.**

No. 95–3338.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 29, 1995.

Decided Feb. 14, 1996.

Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Jeffrey J. Levine, Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.

POSNER, Chief Judge.

█ The government has asked us to dismiss this appeal on the ground that the order sought to be appealed is not an appealable order. The order grew out of a criminal information filed against the defendant-appellant, J.J.K., for violation of federal drug laws. Because he was not yet 18 years old at the time of the alleged offenses, the government was required to file the information under the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. §§ 5031–5042, and it did so. The Act authorizes the district court to order that the juvenile be proceeded against as if he were an adult, however, *id.*, § 5032, and that is the order that J.J.K. seeks to appeal in advance of trial on the ground that the Act, like the double-jeopardy clause, confers rights that a trial would destroy. If this is correct, then the order, though certainly not a final judgment in the usual sense, is appealable as a collateral order. The merits are independent of the issues in the criminal proceeding itself (issues having nothing to do with the defendant's age or his entitlements under the Act), parts of the order will become moot if review is deferred until judgment is entered in the criminal proceeding, and the order is definitive rather than tentative in nature. The concurrence of these circumstances makes the order "final" in a meaningful sense. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351 (1978).

█ The Act entitles a juvenile proceeded against under it (as distinct from a juvenile ordered prosecuted as an adult) to be detained in a juvenile detention center prior to as well as after conviction and to have his name and the record of the proceedings against him kept secret. §§ 5035, 5038. These rights would be irrevocably impaired if they could not be asserted in advance of trial and judgment. We therefore hold, in concert with all the other courts that have addressed

the issue, that an order issued under 18 U.S.C. § 5032 is appealable as a collateral order. *United States v. T.F.F.*, 55 F.3d 1118, 1119 (6th Cir.1995); *United States v. Doe*, 49 F.3d 859, 865 (2d Cir.1995); *United States v. Juvenile Male # 1*, 47 F.3d 68, 70–71 (2d Cir.1995); *United States v. One Juvenile Male*, 40 F.3d 841, 843–44 (6th Cir.1994); *United States v. David H.*, 29 F.3d 489, 491 n. 2 (9th Cir.1994); *United States v. Gerald N.*, 900 F.2d 189, 190–91 (9th Cir.1990) (per curiam); *In re Sealed Case*, 893 F.2d 363, 366–68 (D.C.Cir.1990); *United States v. A.W.J.*, 804 F.2d 492, 493 (8th Cir.1986); *United States v. C.G.*, 736 F.2d 1474, 1477 (11th Cir.1984).

■ We are not merely jumping on a bandwagon. The parties are entitled to our independent judgment. But we think the decisions that we have cited are correct. We say this mindful that the collateral order doctrine is an exception to the general federal policy that only "really" final judgments, that is, judgments which actually wind up the litigation in the district court, are appealable, and an exception that is to be interpreted particularly narrowly in criminal cases because of the strong interest in the expeditious conduct of such cases. *Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1054–55, 79 L.Ed.2d 288 (1984). But it is not a dead letter in such cases. We have given the example of double jeopardy, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), and the Supreme Court has also applied the doctrine to orders denying bail, *Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951), and to orders refusing to dismiss an indictment as barred by the Constitution's speech and debate clause. *Helstoski v. Meanor*, 442 U.S. 500, 506–07, 99 S.Ct. 2445, 2448–49, 61 L.Ed.2d 30 (1979). These are all constitutional cases but we cannot think of a reason for drawing the line there, and a dictum in *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801, 109 S.Ct. 1494, 1499, 103 L.Ed.2d 879 (1989), suggests that the line should indeed not be drawn there: "A right not to be tried in the sense relevant to the *Cohen* exception rests upon an explicit *statutory or* constitutional guarantee that trial will not occur" (emphasis added).

*Midland* may be the case closest to ours (though not close) in which the Court refused to apply the doctrine. The order sought to be appealed had turned down a motion to dismiss the defendant's indictment. The ground of the motion was that the government had violated Fed.R.Crim.P. 6(e), which limits the disclosure of what goes on before a grand jury. The reason for not applying the doctrine was that Rule 6(e) does not create a right not to be tried, *id.* at 801, and if that is the line, as other decisions by the Supreme Court also teach, e.g., *United States v. Mac-Donald*, 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978), then this appeal is proper because the Juvenile Justice and Delinquency Prevention Act creates a right not to be tried as an adult unless the criteria for prosecuting the juvenile as an adult are met. "The Act is premised on the notion that it is in the best interest of both the juvenile and society that juveniles be insulated from the stigma associated with criminal trials, the publicity, the retributive atmosphere and threat of criminal incarceration attendant to criminal proceedings. That right would be irretrievably lost, the decision would be 'effectively unreviewable,' if a transferred juvenile were forced to wait until after conviction in adult court before appealing his transfer." *In re Sealed Case, supra,* 893 F.2d at 367–68 (footnote omitted). Although the premise of the Act can be questioned in the present era of rampant and violent juvenile criminality, it is binding on us and shows that the order appealed from comes within the scope of the collateral order doctrine as it is has been interpreted by the Supreme Court and the federal courts of appeals.

■ Nevertheless the appeal must be dismissed. J.J.K. signed a form expressly requesting that he be housed "in the general adult population" of the Metropolitan Correctional Center, the federal jail in Chicago. He claims that he made the request under duress, because the only alternative detention facility that the government offered him was a jail remote from his family in Chicago rather than a foster home or some facility proximate to his family, as he claims to be

entitled to under the Act. There was no duress, as he could have sought relief under section 5035 of the Act and if denied it he could have appealed to us, as we have just explained. His lawyer expressly waived his right to confidentiality, and after the waiver the grand jury reindicted J.J.K. under his full name. The barn door was opened, and the horse escaped.

The appeal is dismissed as moot.