104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
JUVENILE MALE, Defendant-Appellant.
 No. 96-1270.
 United States Court of Appeals, Second Circuit.
 Nov. 1, 1996.
 
 1
 FOR APPELLANT: Jonathan J. Einhorn, New Haven, CT.
 
 
 2
 FOR APPELLEE: Joseph W. Martini, Ass't U.S. Att'y, D. Conn., Bridgeport, CT.
 
 
 3
 Before MESKILL and McLAUGHLIN, Circuit Judges, and BLOCK,* District Judge.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 6
 Defendant, a juvenile male, is allegedly a member of the "Latin Kings" street gang. The government contends that, as a member of that gang, Defendant has participated in several serious crimes, including distribution of crack cocaine and conspiracy to murder. On November 13, 1995, the United States Attorney filed a Superseding Juvenile Information in the United States District Court for the District of Connecticut (Alan H. Nevas, Judge ), charging Defendant with juvenile delinquency, in violation of the federal Juvenile Delinquency Act ("JDA"), 18 U.S.C. §§ 5032. This delinquency indictment was predicated on charges of: (1) conspiracy to commit a violent crime in aid of racketeering, in violation of 18 U.S.C. § 1959; (2) commission of violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959; and (3) possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841.
 
 
 7
 The government moved to transfer Defendant to adult status pursuant to 18 U.S.C. § 5032. After a hearing, the district court granted the government's motion, and ordered Defendant transferred. Defendant now appeals, arguing that the district court erred in: (1) transferring him to adult status; and (2) failing to dismiss the information on the basis of the JDA's speedy trial provision, 18 U.S.C. § 5036.
 
 
 8
 1. Transfer to Adult Status. The JDA "provides for the adult prosecution of a juvenile when the government shows that such treatment is in the 'interest of justice.' " United States v. Nelson, 90 F.3d 636, 640 (2d Cir.1996) ("Nelson II "); see 18 U.S.C. § 5032. In making such an evaluation:
 
 
 9
 Evidence of the following factors shall be considered ...: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems.
 
 
 10
 18 U.S.C. § 5032. The district court may balance these factors "in any way that seems appropriate to it," and may properly weigh some factors more heavily than others. United States v. Nelson, 68 F.3d 583, 588 (2d Cir.1995) ("Nelson I "); see also United States v. Juvenile Male # 1, 47 F.3d 68, 71 (2d Cir.1995).
 
 
 11
 "The determination of whether to transfer an action is committed to the discretion of the district court, and will be disturbed only where this Court finds an abuse of that discretion." Juvenile Male # 1, 47 F.3d at 71; see also Nelson II, 90 F.3d at 640; Nelson I, 68 F.3d at 588.
 
 
 12
 The district court thoroughly considered each of the six statutory factors in a lengthy written opinion, see United States v. L.R., No. 3:95CR174 (AHN) (D.Conn. Apr. 12, 1996), and concluded that at least five of the six clearly weighed in favor of transfer. These findings were based upon competent and often uncontradicted evidence, including several government exhibits, and extensive testimony from a federal law enforcement officer, two probation officers, and two doctors who conducted psychiatric and psychological examinations of Defendant pursuant to court order.
 
 
 13
 This evidence showed, among other relevant things, that Defendant is now twenty years of age; has an extensive criminal history; was a significant participant in a violent street gang; is accused of several serious drug- and firearm-related crimes; and has not responded favorably to prior rehabilitative efforts. The court also expressly found that Defendant is now "an unlikely candidate for rehabilitation." See generally Nelson II, 90 F.3d 640-41. The district court ably weighed this evidence, and did not abuse its discretion in ordering Defendant transferred to adult status.
 
 
 14
 2. Speedy Trial Claim. The JDA also provides:
 
 
 15
 If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed ..., unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the interest of justice in the particular case. Delays attributable solely to court calendar congestion may not be considered in the interest of justice.
 
 
 16
 18 U.S.C. § 5036. "[T]he thirty-day speedy trial period begins to run on the date a juvenile is taken into federal custody." United States v. Wong, 40 F.3d 1347, 1371 (2d Cir.1994), cert. denied sub nom. Ngo v. United States, 115 S.Ct. 1968 (1995), and Kwok v. United States, 115 S.Ct. 1968 (1995), and Wang v. United States, 115 S.Ct. 2568 (1995), and Wong v. United States, 116 S.Ct. 190 (1995); see also United States v. Romulus, 949 F.2d 713, 716 (4th Cir.1991), cert. denied, 503 U.S. 992 (1992).
 
 
 17
 The period of time between the government's filing of a motion to transfer a juvenile to adult status, and the district court's ruling on that motion, is properly excluded from the thirty-day period "in the interest of justice." See Wong, 40 F.3d at 1371; Romulus, 949 F.2d at 716.
 
 
 18
 Defendant was incarcerated on October 30, 1995. The government filed its motion to transfer Defendant to adult status on November 9, 1995 (and, in that motion, formally requested that the district court exclude the time from filing to disposition of the motion in computing the thirty-day speedy trial period). Thus, Defendant was detained only ten days before the government's motion to transfer effectively tolled the thirty-day period. The district court therefore did not err in failing to dismiss the case.
 
 
 19
 We have considered all of the additional arguments raised by Defendant, and find them to be without merit.
 
 
 20
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Frederic Block, of the United States District Court for the Eastern District of New York, sitting by designation