# United States Court of Appeals
## For the First Circuit

No. 13-2556

UNITED STATES OF AMERICA,

Appellee,

v.

Y.C.T., Male Juvenile,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco  A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lipez, Circuit Judges.

Patricia A. Garrity, Assistant Federal Public Defender, Héctor E. Guzmán, Jr., Federal Public Defender, and  Héctor L. Ramos-Vega, Assistant Federal Public Defender, Supervisor, Appeals Division, on brief for appellant.
Juan Carlos Reyes-Ramos, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

October 13, 2015

**HOWARD, Chief Judge**.  Male juvenile Y.C.T. appeals the district court's decision granting the government's request to transfer him to adult status for criminal prosecution.  18 U.S.C. § 5032.  He contends that the court violated his right to due process and abused its discretion by relying on an inadequate factual record developed before the magistrate judge to assess "the nature of the alleged offense," one statutory factor in the overall calculus under § 5032.  We have jurisdiction of this interlocutory appeal under 28 U.S.C. § 1291, and we **affirm** the transfer order.

The government filed a juvenile information against Y.C.T. alleging two acts of delinquency stemming from an event that occurred on April 29, 2013.  Specifically, it alleged that Y.C.T. committed a carjacking during which the male victim incurred a head injury and the female victim was sexually assaulted, and that Y.C.T. aided and abetted others who brandished a firearm in relation to a crime of violence.  See 18 U.S.C. § 2119(2); id. § 924(c)(1)(A).  The government moved for a discretionary transfer of Y.C.T. to the district court's criminal jurisdiction.  18 U.S.C. § 5032 (setting forth six statutory factors to consider in deciding whether transferring the juvenile for criminal prosecution is within "the interest of justice").

A magistrate judge conducted a transfer hearing at which a federal agent testified about the details of the alleged carjacking learned during the investigation.  The agent's

-2-

description of the alleged events characterized Y.C.T. as fully participating in the carjacking along with three other men, including personally committing acts of violence against both the male and the female victims. The agent identified various sources undergirding his factual description, including interviews of the victims, of the arresting police officers, and of one of the men arrested with Y.C.T. The magistrate judge subsequently issued a written report recommending that Y.C.T. be transferred to adult status, and the district court adopted the recommendation after conducting a de novo review. See 28 U.S.C. § 636.

With respect to the "nature of the alleged offense" factor in particular, the district court exercised its discretion both to assume the truth of the allegations in the juvenile information and to consider other evidence about the specifics of the alleged offense. See United States v. Welch, 15 F.3d 1202, 1208 (1st Cir. 1993); see also 18 U.S.C. § 5032; In re Sealed Case, 893 F.2d 363, 369-70 (D.C. Cir. 1990). In ruling that the transfer best served "the interest of justice," the district court placed significant weight on the gravity of the charged offenses, emphasizing that the agent's testimony showed that "Y.C.T.'s actions as alleged indicate a prolonged episode of reckless and violent behavior cut short by police intervention." See United

States v. Male Juvenile E.L.C., 396 F.3d 458, 463 (1st Cir. 2005); United States v. Smith, 178 F.3d 22, 27 (1st Cir. 1999).[1]

On appeal, Y.C.T. contends that the magistrate judge foreclosed him from testing the veracity of the agent's testimony because the magistrate erroneously believed that the court was required to accept the entirety of the government's version of the facts. More specifically, during the transfer hearing Y.C.T.'s counsel attempted to question the federal agent about whether another alleged participant in the carjacking was a cooperating witness and was gaining a benefit by giving an account that blamed Y.C.T. This prompted objections from the government, which the magistrate judge sustained. Therefore, Y.C.T. argues, the magistrate erroneously circumscribed the record on a vital issue -- the gravity of the charged offenses -- and the district court abused its discretion by relying on that record to render its merits decision. See Male Juvenile E.L.C., 396 F.3d at 461 (reviewing for abuse of discretion); see also United States v. Lopez-Matias, 522 F.3d 150, 154 (1st Cir. 2008) (noting that "legal error is a per se abuse of discretion"). We disagree.

---

[1] Male Juvenile E.L.C. and United States v. Female Juvenile, A.F.S., 377 F.3d 27 (1st Cir. 2004), each provide background on the requirements for transferring a juvenile to the adult criminal justice system. For present purposes, we note that the district court is required to consider "the extent to which the juvenile played a leadership role in an organization, or otherwise influenced others to take part in criminal activities, involving the use or distribution of controlled substances or firearms" when assessing "the nature of the alleged offense." 18 U.S.C. § 5032.

Judicial transfer hearings afforded by statute require an appropriate measure of due process, including extending an opportunity for the juvenile to contest the value of the evidence that is presented by the government.  See Kent v. United States, 383 U.S. 541, 553, 563 (1966); In re Sealed Case, 893 F.2d at 369 & n.10.[2]  Here, Y.C.T. was able to do just that, albeit not to the full extent that he desired.  His counsel explored the basis for the agent's testimony and, in so doing, sufficiently vetted the concern that the eyewitness account provided by another participant in the carjacking may have been a self-serving one.  Cf. United States v. Juvenile, 451 F.3d 571, 577 (9th Cir. 2006) (noting that "if the district court has doubts about the [juvenile]'s guilt based on the evidence presented" at the transfer hearing, it "may take those doubts into account" in its ruling).

Y.C.T. argues, however, that because the magistrate curtailed his cross-examination of the agent about the status of that alleged accomplice as a cooperating witness, the reliability of the agent's lengthy narrative was essentially left untested.

_____

[2] While the former version of the Federal Juvenile Delinquency Act provided absolute discretion to the Attorney General to try juvenile offenders as adults, since 1974 Congress has required judicial transfer hearings for assessing "the interest of justice." Welch, 15 F.3d at 1207 n.6; see United States v. Quiñones, 516 F.2d 1309, 1311 (1st Cir. 1975) (following other circuits to hold that "Congress could legitimately vest in the Attorney General discretion to decide whether to proceed against a juvenile as an adult and that the exercise of such discretion does not require a due process hearing").

This is so, he contends, because on this record the accomplice's eyewitness account was necessarily indivisible from the other evidentiary sources relied upon by the agent. He misreads the transcript of the hearing. In actuality, the agent's testimony shows that law enforcement's interviews of the victims and the arresting police officers served as the primary sources for his factual description of the carjacking, and that the information provided by the accomplice essentially confirmed what law enforcement had already learned. Thus, we fail to see how the magistrate's decision to foreclose this one particular line of attack left the record deficient for the district court's independent analysis of the § 5032 factors.

Moreover, Y.C.T. seems to elide the fact that the district court expressly rejected his challenge to the adequacy of the record. The district judge concluded that because "the [c]ourt does not consider the strength of the government's evidence at the transfer stage," Y.C.T.'s challenge to the agent's acquisition of his information was "irrelevant to the transfer determination." In so ruling, the court properly recognized that a transfer hearing is not an adversarial process where the juvenile has a right to challenge the government's evidence in a manner concomitant to that of a defendant at a criminal trial. See Kent, 383 U.S. at 562; see also Welch, 15 F.3d at 1208; United States v. Juvenile Male, 554 F.3d 456, 467 (4th Cir. 2009). In fact, the line of questioning

sought by Y.C.T.'s counsel on the accomplice's bias involved a rather ordinary credibility attack on one portion of the overall evidence, not on a critical issue that precluded the district court from soundly assessing the gravity of the alleged offenses based on the evidence provided by the government.  Cf. Kent, 383 U.S. at 553-54 (holding that a juvenile court's decision to waive jurisdiction -- without first affording any hearing, any participation or representation of the juvenile, or any statement of reasons on the critical issues prescribed by statute -- violated "basic requirements of due process and fairness").

All told, the district court's reliance on the record, as developed by the magistrate judge, to conduct its de novo review was not an abuse of discretion violative of Y.C.T.'s due process rights.[3]  Accordingly, we **affirm** the transfer order.

---

[3] To the extent that Y.C.T. suggests that the district court improperly assumed that he was guilty of committing offenses beyond those enumerated in the juvenile information, he is mistaken.  See Juvenile, 451 F.3d at 577; Male Juvenile E.L.C., 396 F.3d at 462. The juvenile information itself alleged that serious bodily injury was inflicted on both victims during the carjacking, and the district court relied on the agent's testimony to identify the basis for concluding that Y.C.T. directly participated in inflicting those injuries as part of the alleged carjacking offense.  See 18 U.S.C. § 5032; In re Sealed Case, 893 F.2d at 370; cf. Kent, 383 U.S. at 561 (decision on waiver of juvenile court jurisdiction need not "necessarily include conventional findings of fact").