18-1878-cr
*United States v. Juvenile Female*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
           RICHARD J. SULLIVAN,
              *Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

               *Appellee*,

      v.                                No. 18-1878-cr

JUVENILE FEMALE, AKA Diablita,

               *Defendant-Appellant*.

-----------------------------------------------------------------

FOR APPELLANT:            JESSE M. SIEGEL, Law Office of Jesse M. Siegel, New York, NY.

FOR APPELLEE:                    PAUL G. SCOTTI, Assistant United States Attorney (Susan Corkery, John J. Durham, Assistant United States Attorneys *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Juvenile Female ("Defendant") appeals from an order of the United States District Court for the Eastern District of New York (Bianco, *J.*) granting the government's motion pursuant to 18 U.S.C. § 5032 to transfer her case to the district court in order to prosecute her as an adult. In July 2017, the government charged Defendant with one count of racketeering by engaging in conspiracy to commit murder and murder, in violation of 18 U.S.C. § 1962(c); one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); one count of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); and four counts of murder in aid of racketeering, in violation of 18 U.S.C. §§ 2, 1959(a)(1). The racketeering counts were later amended to include

2

conspiracy to obstruct justice as an additional racketeering act. After a hearing at which the district court considered the government's motion to prosecute Defendant as an adult, the district court issued a detailed 17-page opinion that scrupulously addressed each of the relevant factors pursuant to 18 U.S.C. § 5032, and granted the government's motion. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

"The determination of whether to transfer an action is committed to the discretion of the district court, and will be disturbed only where this Court finds an abuse of that discretion." *United States v. Juvenile Male No. 1*, 47 F.3d 68, 71 (2d Cir. 1995). A district court abuses its discretion when it makes an error of law, such as failing to make required factual findings; when the facts it finds are clearly erroneous; or when its conclusion cannot be located within the range of permissible decisions. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008); *see also United States v. Nelson*, 68 F.3d 583, 588 (2d Cir. 1995).

"A juvenile fifteen years of age or older who is 'alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence' may be proceeded against as an adult where a district

3

court, after a transfer motion by the Attorney General, finds that it is 'in the interest of justice' to grant a transfer." *Id.* (quoting 18 U.S.C. § 5032). In making this determination, the district court must consider the following six factors: "the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; [and] the availability of programs designed to treat the juvenile's behavioral problems." 18 U.S.C. § 5032. The district court must make findings on the record with regard to each factor. *Id.* Importantly, "[t]he six statutory factors need not be accorded equal weight by the district court, which may balance the factors in any way that seems appropriate to it." *Nelson*, 68 F.3d at 588. "[W]hen a crime is particularly serious, the district court is justified in weighing this factor more heavily than the other statutory factors." *Id.* at 590. The appellant bears a "heavy burden" in seeking to overturn a decision to transfer based on a district court's balancing of the six factor test pursuant to 18 U.S.C. § 5032; we are unaware of any case in which we have done so. *See Juvenile Male No. 1*, 47 F.3d at 71.

On appeal, Defendant argues that the district court abused its direction by concluding that the nature of the offense and her age outweighed the other factors. But this argument fails because the district court did not exceed its broad discretion in balancing the factors. Because the alleged crimes include intentional murder, the district court was justified in attaching great weight to that factor. Defendant also argues that the district court erred by accepting the government's version of the events as true. But our precedent makes clear that the district court should "simply . . . assume that, for the purposes of the transfer hearing, the juvenile committed the offense charged in the Information." *Id.* at 589. While Defendant maintains, in spite of this precedent, that a district court cannot rely on *factual* allegations not included in the Information, she cites no case law for this proposition. In any event, while the district court did look to the government's motion papers to describe the offenses, it properly observed that it must assume that the juvenile committed the offense charged but abstain from considering the strength of the government's evidence. Indeed, the district court repeatedly acknowledged that the offenses were still "alleged." We conclude, therefore, that the district court did not abuse its discretion in transferring Defendant's case.

5

We have considered the rest of Defendant's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court. The parties are directed to advise the Clerk of Court no later than fifteen days from the date of this order, by letter briefs not to exceed three single-spaced pages, as to which, if any, of the previously sealed filings in this case may be unsealed (with or without redaction).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court